**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL ALBERT LONEY,** | : | Case No. _____ |
| | : | |
| | : | Judge _____ |
| **Plaintiff**, | : | |
| | : | **VERIFIED COMPLAINT FOR** |
| v. | : | **INJUNCTIVE RELIEF AND** |
| | : | **DECLARATORY JUDGMENT** |
| **LARRY HOOK,** | : | |
| | : | |
| In his individual and official capacity, | : | |
| | : | |
| **KATIE STEWART,** | : | |
| | : | |
| In her individual and official capacity, | : | |
| | : | |
| **SARA JONAS,** | : | |
| | : | |
| In her individual and official capacity, | : | |
| | : | |
| **FOREST HILLS LOCAL SCHOOL** | : | |
| **DISTRICT BOARD OF EDUCATION,** | : | |
| | : | |
| **JEFFREY WEBER,** | : | |
| | : | |
| In his individual and official capacity, | : | |
| | : | |
| and | : | |
| | : | |
| **HAMILTON COUNTY SHERIFF'S** | : | |
| **OFFICE,** | : | |
| | : | |
| **Defendants**. | : | |
| | : | |
| | : | |
| | : | |

**INTRODUCTION**

1.       This is a case about constitutionally protected pure speech spoken by Daniel Albert

Loney ("Loney"), a citizen residing in the Forest Hills Local School District, and the immediate

unconstitutional censorship, retaliation, and prior restraint by the Forest Hills Board of Education, the Forest Hills Superintendent, and a Hamilton County Sheriff's Office Special Deputy Sheriff. It is a fundamental precept of the First Amendment and Equal Protection that the government cannot engage in viewpoint discrimination, retaliation, and selective enforcement. The Defendants unconstitutionally evicted Loney from the public comment segment of a Board of Education meeting because the Defendants claim that Loney did not express his views "respectfully." The Defendants erroneously believe that the Board of Education has the right to mandate that citizen speaker "views should be expressed respectfully [as determined by the Board]." The Hamilton County Sheriff's Office law enforcement Defendants, without any thought whatsoever, unthinkingly and unconstitutionally aided and abetted the unlawful conduct of the Forest Hills Defendants.

2.      Loney is a parent of students enrolled in the Forest Hills Local School District ("Forest Hills"). On March 20, 2024, Loney orally expressed eleven seconds of words in opposition to Forest Hills officials' policies during his designated time in the public comment period for a Forest Hills Board of Education meeting. Loney did not engage in any collateral conduct, just pure oral speech. Loney did not disrupt the Board of education meeting. Loney was not disorderly. He did not render the orderly conduct of the meeting infeasible. The Forest Hills Defendants were already familiar with Loney because he has been active in civic school affairs in Forest Hills, and had previously appeared during Board public comment segments.

3.      Specifically, during his designated time slot, Loney began to address and challenge the Forest Hills Superintendent (a government official who had previously ordered the destruction of a student-created school mural celebrating diversity, and who had just spoken at length to the Board about improving a swimming pool). Loney said: "Wait, if someone gave you ten million

dollars, you would spend it on a pool? What the hell is wrong with you? You racist vandal." Those words spoken by Loney during the designated public comment period at the Forest Hills Local School District Board of Education meeting on March 20, 2024, caused the Forest Hills Defendants and Defendant Special Deputy Sheriff Jeffrey Weber to abruptly terminate Loney's right to speak, evict him from the Board of Education meeting, threaten him with arrest, and instruct him to never return.

4. The Forest Hills Defendants erroneously claim they are entitled to mandate that citizens' "views should be expressed respectfully" and that the Defendants, in their unfettered discretion, may determine what is "respectful." The Forest Hills Defendants did not want Loney to speak critically of them. They disagreed with the views expressed in Loney's speech. The Forest Hills Defendants' policies and practices are unconstitutional on their face and as-applied. They are not reasonable time, place, and manner restrictions on speech in a public forum.

5. Most courts consider public comment periods to be designated public forums – forums that government officials have opened up or designated for freedom of expression. When the government creates a designated public forum, the government cannot make viewpoint or content-based restrictions on speech unless they meet strict scrutiny, the highest form of judicial review. In other words, when the government creates a designated public forum, that forum holds the government's feet to First Amendment fire just as much as in a traditional public forum (which are the streets, parks and other public spaces society has immemorially held in trust for public use to assemble, communicate thoughts between citizens, and discuss public questions).

6. The Hamilton County Sheriff's Office Defendant erroneously claims that citizens' free speech rights are too complicated for law enforcement officers to independently evaluate in real time. The HCSO erroneously claims that Special Deputy Sheriffs working off-duty law

enforcement details act constitutionally when they do as they are told by the employing party and force a speaker out of a public forum upon threat of arrest. Based on the policies and practices of the Hamilton County Sheriff's Office, the HCSO Defendants, without resistance or analysis, robotically did as the Forest Hills Defendants requested and unlawfully escorted Loney out of the Board of Education meeting.

7. Loney has previously spoken passionately to Defendants Board of Education and Superintendent in their public forum at other times in the past, and intends to speak before the Board of Education and the Superintendent again. However, Loney is not now speaking for fear of being unlawfully evicted again for expressing his views. The Forest Hills Defendants have no right to be free of criticism when a citizen speaks during his designated public comment time and orally challenges Forest Hills' conduct. The Defendants' conduct was unlawful viewpoint-based discrimination and their censorship violated law. The government and its elected and senior appointed officials cannot shelter themselves from mere verbal criticism. Not in this country.

8. Perhaps the most fundamental of all First Amendment free speech principles is that individuals have a free-speech right to criticize the government. The U.S. Supreme Court explained this core democratic principle in *New York Times Co. v. Sullivan* (1964), writing of our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials."

9. The First Amendment prohibits government officials from silencing speakers based on their point of view. Sometimes, government officials camouflage viewpoint discrimination by contending they are simply protecting the public from offensive or disruptive speech. But, as the U.S. Supreme Court made clear in *Matal v. Tam* (2017): "*Giving offense is a viewpoint*." The

Court elaborated on this point two years later in *Iancu v. Brunetti* (2019), explaining that the judgment of whether speech is "immoral," "scandalous," or otherwise offensive "distinguishes between two opposed sets of ideas: those aligned with conventional moral standards and those hostile to them; those inducing societal nods of approval and those provoking offense and condemnation."

10.     During public comment periods, government officials must tolerate viewpoints they disagree with or dislike.  Such is the nature of being a public official in a robust democracy.  The Supreme Court memorably wrote in the flag-burning decision *Texas v. Johnson* (1989): "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because it finds it offensive or disagreeable."

11.     The government generally may not discriminate against speech based on its content or viewpoint.  The Supreme Court articulated this clearly in *Chicago Police Department v. Mosley* (1972), writing: "Above all else, the First Amendment means that the government may not restrict speech because of its message, its ideas, subject matter, or its content."  In First Amendment law, government officials often cannot discriminate against speech based on content or especially viewpoint.

12.     The United States Court of Appeals for the Sixth Circuit invalidated a school board policy that restricted so-called "abusive," "personally directed," and "antagonistic" public comments during Board meetings.  The Sixth Circuit explained in *Ison v. Madison Local School District Board of Education* (6th Cir. 2021) that these unlawful restrictions "prohibit speech because it opposes, or offends, the Board or members of the public, in violation of the First Amendment."

13.     The Defendants' ongoing abridgement of Loney's First Amendment rights constitutes *per se* irreparable harm.

14.     Plaintiff Loney seeks injunctive and declaratory relief so the Defendants' unconstitutional conduct will not reoccur with Loney or with any other citizen expressing views critical of Forest Hills' policies and officials.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343, and 28 U.S.C. 2201.  The action arises under 42 U.S.C. 1983.  Venue is proper pursuant to 20 U.S.C. 1391(b) because Loney resides within the Southern District of Ohio, Western Division, and Defendants are located in, and acted unconstitutionally in, the Southern District of Ohio, Western Division.

## PARTIES

16.     Plaintiff Loney is a resident within the Forest Hills Local School District, the father of two children enrolled in Forest Hills, and a property owner and taxpayer within Forest Hills.

17.     Defendant Forest Hills Local School District Board of Education is a public entity acting under color of law and responsible for the formulation and implementation of all official governmental laws, policies, regulations, and procedures for Forest Hills.  Defendant Forest Hills Board of Education is the final policymaker for the Forest Hills Local School District.

18.     Defendant Larry Hook is Superintendent of Forest Hills.  Hook has final policymaking authority for Forest Hills.

19.     Defendant Katie Stewart is Vice-President of the Forest Hills Board of Education.

20.     Defendant Sara Jonas is President of the Forest Hills Board of Education.  Jonas was presiding officer at the March 20, 2024, Board of Education meeting.

21.     Defendant Jeffrey Weber is a Special Deputy Sheriff for the Hamilton County Sheriff's Office.

22.     Defendant Hamilton County Sheriff's Office is a public entity and provides law enforcement services to various areas in Hamilton County, Ohio.

**STATEMENT OF FACTS**

23.     On August 23, 2021, Board of Education President at the time, Forest Heis, accurately expressed that the Defendant Board of Education has no authority to censor speakers without cause under law during the public comment period of Board meetings. Heis emphasized that upon advice of legal counsel: "*I will not regulate any speech*:"

> Now we're up to public comments. I'd like to start by saying that I've been on the Board for twelve years. And for the last twelve years, we have required civility and decorum for the public speaking. And we've had a lot of very hot topics over the years. The Anderson mascot has come up a number of times. We've had one high school/two high school discussions, a lot of passion. Only once in all those years do I remember a public commentary doing what we at the time considered crossing the line and going after the individual board member by name. It was actually for the one high school/two high school discussion, and that community member when brought up apologized and stopped. We don't have to have public commentary. That's not a requirement at these meetings. But we want to do that, we relish the ability of our community to speak with us in open session. And we also live in a different world now. A number of times in the past couple of months we've had public speakers bring up a particular Board member or Board members by name, which again in the past has been verboten. For years that was a rule that if that immediately got reprimand, is if you brought up, it's like a baseball coach cussing out a ref or an ump. It gets an immediate response. *But then it was brought up that it may not be that way, that we can't regulate speech in an open session. So I want to do the right thing for our community and for our Board. So I discussed with legal counsel, and found out that recent precedents show that you don't have to be civil and you don't have to have decorum in an open meeting. You still can't cuss, you still can't threaten or an obscenity is still frowned upon. We can and will have time limits, but I will not regulate any speech.* I do humbly ask that you remain civil and follow decorum and represent yourself and the Forest Hills community respectfully. It is preferable and acceptable to disagree without being disagreeable.

(emphasis added).

24.     Forest Heis was no longer serving on the Board of Education in March 2024 at the time Plaintiff Loney tried to speak during the public comment period of the Board meeting and the Defendants silenced and evicted Loney. The Defendants intentionally ignored the referenced Board legal counsel that the Board should not regulate the viewpoint of speech during the public comment segment of a Board meeting.

25.     Loney's short oral speech was not materially disruptive of the Board of Education meeting. His few words did not create any substantial disorder. Loney did not make any threats of violence. Loney's speech did not invade the lawfully-protected rights of other individuals. Simply stated, without any cause whatsoever, the Forest Hills Defendants, assisted by the Hamilton County Sheriff's Office Defendants, intentionally and unconstitutionally retaliated against the viewpoint of Loney's protected expression, and against Loney himself, and selectively enforced unconstitutionally overbroad and vague practices and policies.

26.     Loney expresses his passion for free speech and the need to criticize the Forest Hills Defendants in his own words:

> I've seen what happens when even one person does not speak up. I've seen what can happen when literally my single voice would have made a difference, but I was not there. And I've seen situations how my single voice has made a positive impact. And I know for a fact that my voice and my actions have encouraged others in this community.
>
> It's obvious to anyone that other people who are speaking, who are contributing, and who are making a difference, are being faced with riot shields, batons and tear gas. This is because we've allowed many voices to be marginalized and suppressed. We're not there yet in this township. But going through the history of just how the school board and its policies have been manipulated and weaponized over the past few years, the desire to silence and retaliate is right at everyone's doorstep.
>
> Why do conservatives, right-wingers, bigots, and oppressors go to such lengths to silence dissent? Easy. Because dissent works. I want to make sure it keeps working.

An idea expressed without tact is still an idea, impoliteness is not a disqualifier to freedom of speech, and hurt feelings don't trump the First Amendment. What was the Declaration of Independence, after all, if not a series of insults against His Majesty?

27.     Even in the more sensitive area of student speech received by other students during the school day in school, the United States Supreme Court has been clear and explained that for a school "to justify prohibition of a particular expression of opinion, it must be able to show that its action was caused by something more than a mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint."

28.     It is a known fact that the Forest Hills Defendants do not like Loney's political and public policy beliefs. And they do not like Loney. However, the Supreme Court put to rest the notion that hurt feelings override free speech, even when students are involved: "school officials cannot suppress 'expressions of feelings with which they do not wish to contend.'" *A fortiori*, the Forest Hills Defendants cannot constitutionally be hypersensitive to speech among adults out-of-school during the public comment segment of a Board of Education meeting.

29.     Defendant Jonas and Forest Hills legal counsel so dislike Loney that they refer to Loney by the name "Looney."

30.     At the March 20, 2024 meeting, Loney signed up for public comment. Immediately before public comment, and during his extended remarks to the Board, the Defendant Superintendent expressed that if someone gave the Superintendent ten million dollars he would spend the money on repairing the Anderson High School swimming pool.

31.     When the Board president, Sara Jonas, announced the public comment period, and Loney's designated time, Loney said to the Superintendent (who had painted over a mural depicting diversity at a school): "Wait, if someone gave you ten million dollars, you would spend it on a pool? What the hell is wrong with you? You racist vandal."

32.     After those eleven seconds of words, the Superintendent, the Board President, and the Board Vice-President ordered Loney removed from the premises by the HCSO Deputy Sheriff and threatened Loney with arrest.  The Board Vice-President added: "And don't come back."  After the Deputy Sheriff grabbed Loney's arm.  Loney complied with the order rather than physically or verbally resist.  As Loney was being escorted out, the Board Vice-President said:  "Please arrest him."

33.     The Forest Hills Defendants had no right to request that Defendant Weber evict and arrest Loney.  Weber had no right to arrest Loney either under the policies of the Hamilton County Sheriff's Office or under any law.  Under the circumstances, Loney reasonably believed that his arrest by Weber was imminent if Loney did not capitulate to the Defendants' censorship of his speech.

34.     A video recording of the entire incident exists:  Forest Hills School Board Meeting 3-20-24 (youtube.com).  Defendant Jonas announces the meeting procedures at 14:01 and intentionally mispronounces Loney's name at 15:07.  Then:

> Loney:  If somebody came up to you and gave you ten million dollars, you would spend it on a pool?  What the hell is wrong with you?  You racist vandal.
>
> Larry Hook (Superintendent):  Why don't you just leave.
>
> Katie Stewart (Board vice-president):  And don't come back.
>
> Loney:  I haven't even started.
>
> Sara Jonas (Board president): Thank you.  Thank you.
>
> Hook:  We're not going to listen to that nonsense.
>
> (Special Deputy Sheriff Weber comes to podium)
>
> Loney:  Ten million dollars.
>
> Hook:  Go on.
>
> Loney:  No, I think I'm going to call this bluff.

Stewart: Now.

Loney: This speech is about how you have-

Weber: Let's go.

Stewart: And don't come back.

Loney: Don't come back? I am a parent. I'm calling this bluff.

Weber: (putting his hand on my shoulder): Let's go.

Loney: I get to criticize elected officials.

Weber: (with his hand still on Loney's shoulder) Let's go. I'm not going to ask you again.

Loney: No, thank you.

Weber (grabbing Loney's elbow and pulling): Let's go. (Loney walked out with Weber)

Stewart: Please arrest him.

35. Forest Hills' written public comment policies for its Board of Education meetings are unconstitutionally overbroad and vague:

**0169.1 - PUBLIC PARTICIPATION AT BOARD MEETINGS**

The Board is also committed to conducting its meetings in a productive and efficient manner that assures that the regular agenda of the Board is completed in a reasonable period of time, honors the voluntary nature of the Board's time and using that time efficiently, and allows for a fair and adequate opportunity for input to be considered. The Board offers public participation to members of the public in accordance with the procedures below. The Board applies these procedures to all speakers and does not discriminate based on the identity of the speaker, content of the speech, or viewpoint of the speaker.

In order to permit the fair and orderly expression of public comment, the Board shall provide a period for public participation at every regular meeting of the Board and publish rules to govern such participation in Board meetings.

Individuals who would like to share their thoughts concerning a topic on the Board's agenda should do the following:

A.      List the agenda item or topic on a notecard (available at the entrance to the meeting room); sign the card including your name, address, telephone number, and

11

group affiliation (if and when appropriate), and give the card to the secretary. Individuals will be recognized by the Board President during public commentary.

B.      Remarks should be addressed to the Board as a group, and be within the three (3) minute time limit.  If several people wish to speak on the same topic, the time limit may be adjusted at the President's discretion.

C.      Be prepared to respond to questions from Board members seeking to clarify the issue.

The presiding officer may:

A.      interrupt, warn, or terminate a participant's session when they make comments that are repetitive, obscene, and/or comments that constitute a true threat (i.e., statements meant to frighten or intimidate one (1) or more specified persons into believing that they will be seriously harmed by the speaker or someone acting at the speaker's behest);

B.      Request any individual to stop speaking and/or leave the meeting when that person does not observe reasonable decorum or is disruptive to the conduct of the and/or orderly progress meeting;

C.      request the assistance of law enforcement officers in the removal of a disorderly person when that person's conduct interferes with the conduct and/or orderly progress of the meeting;

D.      call for a recess or an adjournment to another time when the lack of public decorum so interferes with the orderly conduct of the meeting as to warrant such action;

E.      waive these rules.

No participant may speak more than once on the same topic unless all others who wish to speak on that topic have been heard.

The portion of the meeting during which the participation of the public is invited shall be limited to thirty (30) minutes unless extended by a vote of the Board.

36.     Unsuccessfully trying to cover his unconstitutional steps, on April 9, 2024, Defendant Hook wrote a letter to Loney and communicated that Board Policy 0169.1 was the policy the Defendants applied against Loney to evict him from the March 20, 2024, meeting.  Hook was specific that the Defendants expelled Loney from the meeting because the Defendants did not

think Loney "expressed respectfully" his views. And, Hook emphasized, the Defendants expected

compliance from Loney in the future with the Defendants' "expressed respectfully" requirement:

> I'm writing to follow up with you on the public comment portion from our March Board of Education meeting. Please know that I value input and the school district appreciates our community members, like yourself, who are engaged and invested in the education of students in Forest Hills. We are fortunate to live in a community that prioritizes public education in this way.
>
> I regret that we had to ask you to leave our meeting, but I would like to offer a friendly reminder of Board Policy 0169.1 Public Participation at Board Meetings …. The stated purpose of this policy is to allow the Board to conduct its meetings productively and efficiently while allowing for a fair and adequate opportunity for input to be considered. The policy states that it is within the Board's authority to "request any individual to stop speaking and/or leave the meeting when the person does not observe reasonable decorum or is disruptive to the conduct of the and/or orderly progress meeting [sic]."
>
> We want you to be able to attend these meetings and share your thoughts and perspectives. Having a difference of opinion is entirely acceptable, *but those views should be expressed respectfully* to help foster an environment of civility and constructive dialogue.
>
> I would be happy to sit down with you to discuss this letter, should you desire. If that's something you are interested in, please reach out to my administrative assistant Jodie McKinley to set up a time to stop by the Central Office. *Moving forward, I would greatly appreciate your cooperation with this Board Policy.* I look forward to engaging in important conversations on how we can best serve the students in Forest Hills."

(emphasis added).

37. For an example of Forest Hills' selective enforcement against Loney, this is a

different citizen's public comment at a Board meeting on October 25, 2021, that Forest Hills did

*not* retaliate against and censor even though the citizen speaker suggested the Superintendent at

the time "flat-out lied," showed "malicious and blatant disregard," "deceitfully manipulated," and

had "zero integrity:"

> Any CAG [Citizens Advisory Group] recommendation is bogus, invalid and completely biased. If this Board accepts that recommendation, this Board is also biased and not reflecting our community. Here's why. Scot Prebles [Forest Hills Superintendent at the time] presented a CAG plan at the June Board meeting stating

13

measurable outcomes.  1: ensure CRT and any of its doctrines are not taught to students and to prevent the inclusion of CRT-explicit content in future plans.  Scot's own words.  He flat-out lied, and contorted this Board's approved plan into a sham, which was premeditated and reeks of his malicious and blatant disregard for this Board's authority.  He and his OSBA team deceitfully manipulated the CAG members until two-thirds, almost forty, quit in disgust of Scot's ruse to install CRT content known as DBIE [Diversity, Belonging, Inclusion, and Equity].  And despite Scot's letter to the district recently, DBIE is CRT.  Zero integrity in a person we should see as a role model example in this district.  This Board should at minimum reprimand Scot for his complete abandonment of the Board's original approved CAG, but frankly, should recognize the potential breach of Scot's contract, specifically the termination clause of 17b which considers reckless disregard of the interest of the district or is materially injurious to the interests of this district, which CRT would be.  The Board should be ashamed to have renewed Scot's contract, rather than allow the next incoming Board to make that vote.  They got to live with that, this guy, for the next three or four years or whatever the contract is.  Shameful.

38.     A former Forest Hills Board of Education member informed Loney that the Board and Superintendent were completely unjustified in evicting Loney.  The Board member had herself been insulted and threatened frequently by speakers during the public comment period of Board meetings during her four-year tenure, but she had been advised by the Board's legal counsel that neither she nor the Board could do anything to prevent critical speech by citizen speakers.  The reason provided by counsel to the Board member was that the First Amendment rights of citizen speakers during the public comment segment of Board meetings prevented terminating critical speech by citizens.

39.     Upon information and belief, the less politically conservative members of the Board of Education understand and accept that citizens have the right to passionately criticize them during the public comment segment of Board meetings but the more conservative members of the Board of Education and the Superintendent do not equally understand and accept the right of citizens to passionately criticize them.

40.     Loney believes that he and other speakers critical of the Board and the Superintendent will continue to be censored and threatened with arrest by the Defendants when

14

Loney and others try again to speak passionately about their views during the public comment segment of Board meetings. The Defendants have allowed other, more conservative speakers to passionately express their views without threat of censorship and arrest.

41. Upon information and belief, the Hamilton County Sheriff's Office does not have constitutionally sufficient policies and practices to protect the First Amendment free speech rights of citizen speakers in a public forum such as the public forum created by the Forest Hills Board of Education. The HCSO believes that First Amendment free speech law is too complicated for a law enforcement officer to understand while doing a private detail for a third party such as the Defendant Board of Education. HCSO does not require that its Deputy Sheriffs question the unconstitutional deprivation of speech rights requested of the law enforcement officer by the party contracting with HCSO and/or its Special Deputy Sheriffs for private detail services.

42. Upon information and belief, HCSO does not have policies identifying for its law enforcement officers that the nature and scope of the speech used by Loney during the public comment period of a Board of Education meeting is constitutionally protected.

43. HCSO Deputy Sheriffs and Special Deputy Sheriffs, including but not limited to Defendant Weber, regularly provide law enforcement services to the Forest Hills Board of Education during the Board's public meetings.

44. The HCSO approved Weber's law enforcement services he provided to the Forest Hills Board of Education on March 20, 2024.

45. The Hamilton County Sheriff asserts on her website:

> I SHALL ENSURE that I and my employees, in the performance of our duties, will enforce and administer the law according to the standards of the U.S. Constitution and applicable State Constitutions and statutes so that equal protection of the law is guaranteed to everyone. To that end I shall not permit personal opinions, party affiliations, or consideration of the status of others to alter or less this standard treatment of others.

46.     As part of the HCSO's authorization to Weber to provide off-duty private detail services to the Forest Hills Board of Education, Weber agreed:

> I as an employee or Special Deputy, while working outside or off duty employment, shall at all times conduct myself in full compliance with the Sheriff's Office rules, regulations, policies and procedures and I understand failure to do so may result in disciplinary action. I further understand as an employee or Special Deputy working off duty employment I am operating under the authority. And requirements of my Deputy Sheriff's Commission, in addition to the previously stated compliance requirements.

47.     Weber further agreed:

> Special deputies shall follow all rules, regulations, policies, and procedures of the Sheriff's Office. Wherever the word "Employee" is mentioned within the rules, regulations, policies, procedures, or any Hamilton County Sheriff's Office form, except for compensatory items, it shall apply to special deputies.

48.     Defendant Weber did not provide Loney equal protection of the law. Weber did not honor Loney's First Amendment free speech rights. The Defendant Hamilton County Sheriff's Office has ratified Weber's deprivation of Loney's constitutional rights by refusing to discipline Weber and the HCSO has even asserted that Weber did not violate Loney's constitutional rights.

49.     The HCSO admits that Defendant Weber operates "under the color of" the HCSO:

> Special deputies have full powers of arrest but are cautioned to exercise their powers based on the actual need or as directed by Sheriff's Office personnel. Misuse of the powers, rights, or authority of the special deputy commission may result in disciplinary action. Special deputies conducting approved extension of law enforcement functions for private employers (commonly referred to as off-duty details) are considered independent contractors working *under the color of the Hamilton County Sheriff's Office.*

(emphasis added).

50.     Plaintiff Loney fears that if he again tries to speak passionately at a Board of Education meeting, and criticizes Forest Hills officials, the Defendants will repeat their public humiliation of him and the Defendants will repeat their deprivation of his constitutional rights.

16

## COUNT I

**Forest Hills Local School District Board of Education Public Meeting Policies are Unconstitutionally Vague and Overbroad On Their Face**

**(Defendant Forest Hills Local School District Board of Education)**

51.    Plaintiff reincorporates the prior paragraphs of this Complaint as if fully restated herein.

52.    By definition, the Board of Education's policy requiring that Loney's and other speakers' views be "expressed respectfully" is unconstitutionally viewpoint-based and discriminate based on viewpoint.   The Board's policies prohibit speech merely because it disparages or offends.

53.    The law is clear that for a government to "exclude speech merely because it criticizes school officials," constitutes unlawful viewpoint discrimination. The Board's restriction on speech that is not "expressed respectfully" prohibits speech because it opposes, or offends, the Board or members of the public, in violation of the First Amendment.

54.    The Defendants' public meeting policies are also unconstitutionally and facially vague and overbroad by purporting to allow the Defendants limit speakers who do not use "reasonable decorum."

55.    The Board's policy is unconstitutionally vague and overbroad and unlawfully confers unfettered discretion on the Forest Hills Defendants to engage in viewpoint discrimination.

56.    The Board's policy requiring that speakers' views be "expressed respectfully" and/or with "reasonable decorum" reaches and precludes a substantial amount of constitutionally protected speech.

57.     Plaintiff Loney is entitled to a declaration under 28 U.S.C. 2201 that the Forest Hills policy proscribing speech that is not "expressed respectfully" and with "reasonable decorum" is substantially and unlawfully overbroad and vague and therefore violate the First Amendment.

58.     Plaintiff Loney is entitled to preliminary and permanent injunctive relief to prevent the Defendants from having an unconstitutional policy limiting free speech criticizing Forest Hills' views and officials.

59.     Without the requested relief, Defendants will continue indefinitely to deprive Loney of his First Amendment rights and cause him ongoing *per se* irreparable injury.

## COUNT II

### Forest Hills Defendants Unconstitutionally Applied Their Public Meeting Policies in Violation of the First Amendment

### (Defendant Forest Hills Local School District Board of Education and Defendants Hook, Stewart, and Jonas)

60.     Plaintiff reincorporates the prior paragraphs of this Complaint as if fully restated herein.

61.     The Forest Hills Defendants stopped Loney's speech because they disagreed with the viewpoint Loney was expressing at the time, a viewpoint the Defendants found offensive.

62.     The Defendants stopped Loney's speech because they believed Loney was not expressing himself "respectfully."

63.     The Defendants' conduct violated Loney's First Amendment right to free speech.

## COUNT III

**Retaliation Under the First Amendment for Engaging in Constitutionally Protected Expression and Petitioning the Government for Redress of Grievances**

**(Defendant Forest Hills Local School District Board of Education and Defendants Hook, Stewart, and Jonas)**

64.     Plaintiff reincorporates the prior paragraphs of this Complaint as if fully restated herein.

65.     The Forest Hills Defendants retaliated against Loney for expressing his passionately held views about school district policy in the Defendants' public forum.

66.     The Defendants' conduct deprived Loney of his right to be free from First Amendment retaliation by government officials.

## COUNT IV

**Deprivation of 14th Amendment Class-Of-One Equal Protection Right**

**(Defendants Forest Hills Local School District Board of Education and Defendants Hook, Stewart, Jonas, and Weber)**

67.     Plaintiff reincorporates the prior paragraphs of this Complaint as if fully restated herein.

68.     Over time, the Board granted the use of its forum to certain people without requiring their views to be "expressed respectfully," but denied use to Loney, who expressed views less favored, more controversial, or offensive to the Board.

69.     The Forest Hills Defendants intentionally and without rational basis under law requested that the Defendant HCSO Deputy Sheriff Weber remove Loney, even though Loney was not a disorderly person and Loney's conduct did not interfere with the Board of Education meeting. Defendant Weber intentionally and without rational basis under law removed Loney from the meeting while Loney was trying to speak during his allotted public comment time, even though

Defendant Weber knew that Loney was not a disorderly person and Loney's conduct was not interfering with the meeting.

70.     All the Defendants knew that Loney was not a disorderly person and Loney's conduct did not interfere with the Board of Education meeting.  Nevertheless, all the individual Defendants acted in concert to deprive Loney of his constitutional rights.

71.     There is no rational basis for the Defendants to treat Loney differently than other speakers who express other views.  Neither their dislike of Loney nor their dislike of Loney's views justify the Defendants' termination of Loney's constitutional rights.

72.     The Board's selective enforcement conduct, and Weber's selective enforcement conduct, treated Loney differently from similarly situated passionate critics of the Board and denied Loney's right to equal protection of the law.

## <u>COUNT V</u>

### <u>Deprivation of First Amendment Rights and Equal Protection Rights by Defendants HCSO and Special Deputy Sheriff Weber</u>

### (Defendants Hamilton County Sheriff's Office and Defendant Weber)

73.     Plaintiff reincorporates the prior paragraphs of this Complaint as if fully restated herein.

74.     The HCSO policies and practices authorized Special Deputy Sheriff Weber to automatically follow the request of the Forest Hills Defendants for Weber to remove Loney from the public forum because of the viewpoints expressed by Loney.  HCSO ratified Weber's unconstitutional conduct and not only did not discipline Weber but actually affirmed his conduct. Loney was not disorderly, and Loney did not interfere with the Board of Education meeting.

75.     HCSO policies are facially and unconstitutionally deficient and do not protect the First Amendment rights of speakers in the public comment segment of Forest Hills Board of Education meetings.

76.     Upon information and belief, Defendant Weber has not removed other speakers whose views the Forest Hills Defendants believe are not "expressed respectfully" and/or with "reasonable decorum." Weber had no rational basis under law to remove Loney from speaking in the public forum.

77.     Special Deputy Sheriff Weber unconstitutionally deprived Loney of his rights to free speech and equal protection of the law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Dan Loney requests that the Court enter judgment against the Defendants and issue the following forms of relief:

1.     Enter a preliminary and permanent injunction enjoining all the Defendants from further violating Loney's constitutional rights when he speaks at a Forest Hills Board of Education meeting, barring them from requiring that Loney's views be "expressed respectfully" and/or with "reasonable decorum," and barring them from evicting Loney from a meeting because of his viewpoints.

2.     Enter a declaratory judgment, and a preliminary and permanent injunction, holding that the Forest Hills Board of Education policies of limiting views that are not "expressed respectfully" and/or with "reasonable decorum" are unconstitutional.

3.     Enter a declaratory judgment, and a preliminary and permanent injunction, requiring that the Forest Hills Board of Education and the Hamilton County Sheriff's Office promptly adopt policies and procedures that are not void for vagueness or overbreadth, do not

confer unfettered discretion, and that otherwise confer on citizen speakers the right to exercise First Amendment free speech freedoms including passionately expressing views without fear of unconstitutional retribution.

4.      Award Plaintiff Loney his reasonable attorney fees and costs under 42 U.S.C. 1988.

5.      Such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Richard Ganulin*
Richard Ganulin, Esq.  (0025642)
3662 Kendall Avenue
Cincinnati, Ohio  45208
(513) 405-6696
rganulin@gmail.com
*Attorney for Plaintiff*

VERIFICATION

State of Ohio              )

County of Hamilton    )


Daniel Albert Loney duly affirms that the facts in this Verified Complaint are true based upon

his knowledge.

Taken, affirmed, and subscribed to before me on July 30, 2024

Notary Public



CALLIE WYATT
Notary Public
State of Ohio
My Comm. Expires
July 23, 2028