**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL ALBERT LONEY** | \* | **CASE NO. 1:24-cv-00411** |
| **Plaintiff,** | | **Judge Jeffrey P. Hopkins** |
| v. | \* | |
| **LARRY HOOK, et al.** | | **ANSWER OF DEFENDANTS, LARRY HOOK, KATIE STEWART, SARA JONAS, AND FOREST HILLS LOCAL SCHOOL DISTRICT BOARD OF EDUCATION** |
| **Defendants.** | \* | |
| | \* | **DEMAND FOR JURY TRIAL** |

Defendants, Larry Hook, Katie Stewart, Sara Jonas, and Forest Hills Local School District Board of Education (collectively "the School Defendants"), for their Answer to Plaintiff's Complaint, state as follows:

**FIRST DEFENSE**

1. With respect to paragraph 1 of Plaintiff's Complaint, the School Defendants state that the United States Constitution speaks for itself. The School Defendants deny all remaining allegations of paragraph 1 to the extent such allegations are directed against them.

2. With respect to paragraph 2 of Plaintiff's Complaint, the School Defendants admit Plaintiff is a parent of students enrolled in the Forest Hills Local School District, that they know of Plaintiff, and that on March 20, 2024, Plaintiff orally expressed words during a Board of Education meeting. The School Defendants deny all remaining allegations of paragraph 2 not otherwise specifically admitted herein.

3. With respect to paragraph 3 of Plaintiff's Complaint, the School Defendants admit that Plaintiff stated the quoted language. The School Defendants deny all remaining allegations of paragraph 3 to the extent such allegations are directed against them.

4. The School Defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. With respect to paragraphs 5 and 6 of Plaintiff's Complaint, the School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs and therefore deny the same.

6. With respect to paragraph 7 of Plaintiff's Complaint, the School Defendants state that all applicable law speaks for itself. In further response to this paragraph, the School Defendants deny all allegations of unlawful conduct directed against them. The School Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny the same.

7. With respect to paragraphs 8, 9, 10, 11, and 12 of Plaintiff's Complaint, the School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs and therefore deny the same.

8. The School Defendants deny the allegations of paragraph 13 of Plaintiff's Complaint.

9. With respect to paragraph 14 of Plaintiff's Complaint, the School Defendants deny that Plaintiff is entitled to the relief requested. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

10. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15 and 16 of Plaintiff's Complaint and therefore deny the same.

11. In response to paragraph 17 of Plaintiff's Compliant, the School Defendants state that all applicable law concerning the Forest Hills Local School District Board of Education speaks for itself. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

12. In response to paragraph 18 of Plaintiff's Complaint, the School Defendants admit that Larry Hook is Superintendent. All remaining allegations of this paragraph are specifically denied.

13. The School Defendants admit the allegations of paragraphs 19 and 20 of Plaintiff's Complaint.

14. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 21 and 22 of Plaintiff's Complaint and therefore deny the same.

15. In response to paragraph 23 of Plaintiff's Compliant, the School Defendants state that the statements of prior Board of Education members made during prior Board of Education meetings speak for themselves. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

16. The School Defendants deny the allegations of paragraphs 24 and 25 of Plaintiff's Complaint.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

17. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of Plaintiff's Compliant and therefore deny the same.

18. In response to paragraph 27 of Plaintiff's Complaint, the School Defendants state that all applicable law speaks for itself. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

19. In response to paragraph 28 of Plaintiff's Complaint, the School Defendants state that all applicable law speaks for itself. In further response to this paragraph, the School Defendants deny any and all allegations concerning whether they "like" Plaintiff or his viewpoints. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

20. The School Defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

21. In response to paragraph 30 of Plaintiff's Complaint, the School Defendants admit that Plaintiff signed up for public comment at the March 20, 2024 meeting. In further response to this paragraph, the School Defendants state that the statements of the Superintendent made during a Board of Education meeting speak for themselves. However, as complete context is not provided in this paragraph of Plaintiff's Complaint, all other allegations are denied.

22. In response to paragraph 31 of Plaintiff's Compliant, the School Defendants state that the statements Plaintiff made during the March 20, 2024 Board of Education meeting speak for themselves. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

23. The School Defendants deny the allegations of paragraph 32 of Plaintiff's Compliant.

24. In response to paragraph 33 of Plaintiff's Complaint, the School Defendants deny any and all allegations of unlawful conduct directed against them. The School Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore deny the same.

25. In response to paragraph 34 of Plaintiff's Complaint, the School Defendants admit that a video recording of the March 20, 2024 Board of Education meeting exists and maintain that such video speaks for itself. The School Defendants deny that any Defendant "intentionally mispronounces Loney's name[.]"

26. In response to paragraph 35 of Plaintiff's Complaint, the School Defendants state that Board of Education Policies, including 0169.1, titled "Public Participation at Board Meetings," speak for themselves. In further response to this paragraph, the School Defendants deny that any such policies are "unconstitutionally overbroad and vague[.]"

27. In response to paragraph 36 of Plaintiff's Complaint, the School Defendants admit that Defendant Hook sent a letter to Plaintiff following the March 20, 2024 meeting. The School Defendants deny that the quoted language in this paragraph represents a true and accurate recitation of the entire letter.

28. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 37, 38, 39, and 40 of Plaintiff's Complaint and therefore deny the same.

29. With respect to paragraphs 41, 42, 43, 44, 45, 46, 47, 48, and 49 of Plaintiff's Complaint, the School Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs and therefore deny the same.

30. With respect to paragraph 50 of Plaintiff's Complaint, the School Defendants deny that they publicly humiliated Plaintiff and deny that they deprived his Constitutional rights. The School Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of this paragraph and therefore deny the same.

31. The School Defendants respond to the incorporated allegations in paragraph 51 of Plaintiff's Complaint in the same manner and to the same extent they have responded herein.

32. The School Defendants deny the allegations of paragraphs 52, 53, 54, 55, 56, 57, 58, and 59 of Plaintiff's Complaint.

33. The School Defendants respond to the incorporated allegations in paragraph 60 of Plaintiff's Complaint in the same manner and to the same extent they have responded herein.

34. The School Defendants deny the allegations of paragraphs 61, 62, and 63 of Plaintiff's Complaint.

35. The School Defendants respond to the incorporated allegations in paragraph 64 of Plaintiff's Complaint in the same manner and to the same extent they have responded herein.

36. The School Defendants deny the allegations of paragraphs 65 and 66 of Plaintiff's Complaint.

37. The School Defendants respond to the incorporated allegations in paragraph 67 of Plaintiff's Complaint in the same manner and to the same extent they have responded herein.

38. The School Defendants deny the allegations of paragraphs 68, 69, 70, 71, and 72 of Plaintiff's Complaint.

39. The School Defendants respond to the incorporated allegations in paragraph 73 of Plaintiff's Complaint in the same manner and to the same extent they have responded herein.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

40. With respect to paragraphs 74, 75, 76, and 77 of Plaintiff's Complaint, the School Defendants deny the allegations of such paragraphs to the extent such paragraphs allege any unlawful conduct or wrongful acts on the part of the School Defendants. The School Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs and therefore deny the same.

## SECOND DEFENSE

41. Plaintiff's Complaint fails to state a claim upon which relief can be granted as against all School Defendants.

## THIRD DEFENSE

42. The School Defendants are entitled to the privileges, immunities and setoffs accorded to them by virtue of the doctrine of qualified or conditional privilege, qualified immunity, or accorded to them pursuant to statutory immunity set forth in state and/or federal Constitutions, statutes and/or common law.

## FOURTH DEFENSE

43. Plaintiff is not the real party in interest.

## FIFTH DEFENSE

44. Plaintiff lacks standing because there has been no injury in fact.

## SIXTH DEFENSE

45. This Court lacks subject matter jurisdiction for the reason there is no justiciable case or controversy.

## SEVENTH DEFENSE

46. Plaintiff has failed to join necessary parties pursuant to Fed.R.Civ.P. 19.

## EIGHTH DEFENSE

47. The School Defendants acted at all times in good faith, and without malice or bad faith.

## NINTH DEFENSE

48. The Court lacks jurisdiction over the School Defendants for insufficiency of process.

## TENTH DEFENSE

49. The Court lacks jurisdiction over the School Defendants for insufficiency of service of process.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**ELEVENTH DEFENSE**

50. Plaintiff's Complaint fails to comply with Fed.R.Civ.P. 9(g) and Plaintiff's claims are therefore limited or barred.

**TWELFTH DEFENSE**

51. Plaintiff's claims are barred by the applicable statute of limitations.

**THIRTEENTH DEFENSE**

52. Any injuries or damages sustained by plaintiff were proximately caused by his own acts or the acts or omissions of third persons over which the School Defendants had no control, or for which the School Defendants are not liable.

**FOURTEENTH DEFENSE**

53. No act or omission by the School Defendants caused any incident described in Plaintiff's Complaint.

**FIFTEENTH DEFENSE**

54. Plaintiff's damages, if any exist, were not directly, proximately or actually caused by the alleged actions of the School Defendants.

**SIXTEENTH DEFENSE**

55. Plaintiff has failed to mitigate his damages.

**SEVENTEENTH DEFENSE**

56. To the extent that Plaintiff has assigned the Plaintiff's rights or recovery to a third party, the Plaintiff is not the real party in interest.

**EIGHTEENTH DEFENSE**

57. Injunctive relief is not warranted.

    a) Plaintiff has not suffered nor will suffer irreparable injury.

    b) There is no substantial likelihood that Plaintiff will prevail on the merits.

    c) Third parties will not be unjustifiably harmed is an injunction is not issued.

    d) The public interest is not served by issuance of an injunction.

**NINETEENTH DEFENSE**

58. Plaintiff has not suffered any injuries or damages.

**TWENTIETH DEFENSE**

59. Defendants did not deprive Plaintiff of any federal right, be it constitutional or statutory.

**TWENTY-FIRST DEFENSE**

60. Plaintiff is not entitled to attorney fees.

**TWENTY-SECOND DEFENSE**

61. The School Defendants reserve the right to assert additional affirmative defenses which may become known as discovery progresses or due to a change in the law.

**WHEREFORE**, Defendants, Larry Hook, Katie Stewart, Sara Jonas, and Forest Hills Local School District Board of Education, respectfully request that Plaintiff's Complaint be dismissed with prejudice, and that they be awarded costs and reasonable attorney fees, and all other relief, legal or equitable, to which they are entitled.

Respectfully submitted,

/s/*Bryan J. Mahoney*
Bryan J. Mahoney (0071367), Trial Attorney
FREUND, FREEZE & ARNOLD
Courthouse Plaza S.W.
10 N. Ludlow Street, Suite 950
Dayton, OH 45402
Phone: (937) 425-6331
Fax: (937) 425-7331
bmahoney@ffalaw.com
Attorney for Defendants
Forest Hills Local School District
Board of Education, Larry Hook,
Katie Stewart, and Sara Jonas

**JURY DEMAND**

Defendants, Larry Hook, Katie Stewart, Sara Jonas, and Forest Hills Local School District Board of Education, demand a trial by jury on all counts.

/s/*Bryan J. Mahoney*
Bryan J. Mahoney (0071367), Trial Attorney